BGK:TRP
F. #2016R01457

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 1 5 2022   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

      - against -

STEPHANIE LEE,

         Defendant.

– – – – – – – – – – – – – – –X

PRELIMINARY ORDER OF FORFEITURE

17-CR-372 (S-3) (JS)

WHEREAS, on or about January 24, 2020, Stephanie Lee (the "defendant"),

entered a plea of guilty to the offenses charged in Counts One through Five, Eight through

Eleven and Seventeen of the above-captioned Indictment, charging violations of 15 U.S.C.

§§ 78j(b) and 78ff and 18 U.S.C. § 371, 1349, 1512(c)(2), 1956(h), 1957(a), 1957(b); and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28

U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in

the amount of one million dollars and no cents ($1,000,000.00) (the "Forfeiture Money

Judgment"), in addition to the forfeiture of all right, title and interest in the following:

    (a)    Approximately one thousand three hundred sixty eight dollars and seventy-one cents in United States currency ($1,368.71) seized from TD Bank account number XXXXXX-9792, held in the name of Dennis J. Verderosa, and all proceeds traceable thereto;

    (b)    Approximately twenty-seven thousand nine hundred forty-two dollars and thirty-seven cents in United States currency ($27,942.37) seized from JP Morgan Chase Bank account number XXXXXX-1899, held in the name of DJV Enterprises, and all proceeds traceable thereto;

(c)     Approximately twenty-two thousand seven hundred eighty-nine dollars and thirty-one cents in United States currency ($22,789.31) seized from TD Bank account number XXXXXX-1791, held in the name of BCBall, Inc., and all proceeds traceable thereto;

(d)     Approximately nine hundred one thousand two hundred fourteen dollars and ninety-nine cents in United States currency ($901,214.99) seized from TD Bank account number XXXXXX-4027, held in the name of Big Little Consulting, Inc., and all proceeds traceable thereto;

(e)     Approximately two thousand five hundred forty-three dollars and seventy-two cents in United States currency ($2,543.72) seized from TD Bank account number XXXXXX-9929, held in the name of Ewer Enterprises Inc., and all proceeds traceable thereto;

(f)     Approximately one thousand seven hundred eleven dollars and seventy cents in United States currency ($1,711.70) seized from TD Bank account number XXXXXX-4142, held in the name of Trade Masters Consulting, Inc., and all proceeds traceable thereto;

(g)     Approximately sixty-eight thousand six hundred forty-six dollars and sixty-one cents in United States currency ($68,646.61) seized from Wells Fargo Bank account number XXXXXX-7317, held in the name of Marketbyte LLC, and all proceeds traceable thereto;

(h)     Approximately three thousand three hundred one dollars and fifty-six cents in United States currency ($3,301.56) seized from Wells Fargo Bank account number XXXXXX-5050, held in the name of Type A Partners, and all proceeds traceable thereto ("Wells Fargo 5050 Account");

(i)     Approximately two thousand two hundred sixteen dollars and forty-nine cents in United States currency ($2,216.49) seized from Wells Fargo Bank account number XXXXXX-7243, held in the name of Lawrence D. Isen and Christine L. Isen, and all proceeds traceable thereto;

(j)     Approximately six hundred ninety-two dollars and zero cents in
        United States currency ($692.00) seized from JP Morgan Chase
        Bank account number XXXXXX-0934, held in the name of
        Herman J. Matz and Maria U. Matz, and all proceeds traceable
        thereto;

(k)     Approximately four hundred twenty-seven dollars and zero
        cents in United States currency ($427.00) seized from Citibank
        account number XXXXXX-4701, held in the name of Joseph
        Matz, and all proceeds traceable thereto;

(l)     Approximately twenty-one thousand one hundred fifty-five
        dollars and sixteen cents ($21,155.16) seized from Bank of
        America account number XXXXXX-7752, held in the name of
        Mystreetresearch.com Inc., and all proceeds traceable thereto;

(m)     The real property and premises located at 3475 Clark Road, Unit
        173, Sarasota, Florida 34231, and all proceeds traceable thereto;

(n)     The real property and premises located at 3477 Clark Road, Unit
        175, Sarasota, Florida 34231, and all proceeds traceable thereto;

(o)     The real property and premises located at 31 Arch Lane,
        Hicksville, New York 11801, and all proceeds traceable thereto;
        and

(p)     The real property and premises located at 10673 Hunters Glen
        Drive, San Diego, California 92130, and all proceeds traceable
        thereto;

(items (a) through (p), hereinafter referred to, collectively, the "Subject Assets") as:

(a) property, real or personal, constituting, or derived from, proceeds obtained directly or

indirectly as a result of the defendant's violations of 15 U.S.C. §§ 78j(b) and 78ff, 18 U.S.C.

§§ 371 and 1349; (b) property, real or personal, involved in the defendant's violations of 18

U.S.C. §§ 1956(h), 1957(a) and 1957(b), or any property traceable to such property; and/or

(c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.

§ 982(b)(1).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(b)(1), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Assets. The forfeiture of the Wells Fargo 5050 Account will be credited towards the Forfeiture Money Judgment.

2.      All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to "U.S. Marshals Service" with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Tanisha R. Payne, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full no later than 10 days before sentencing (the "Due Date").

3.      Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Subject Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4.      The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent

practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Assets as a substitute for published notice as to those persons so notified.

5.      Any person, other than the defendant, asserting a legal interest in the Subject Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Subject Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6.      The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Assets or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Assets and the payment of the Forfeiture Money Judgment to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Assets to the United States.  Further, if any third party files a claim to the Subject Assets, the defendant will assist the government in

defending such claims.   If the Subject Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p).  The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

7.    The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice.  In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in her judgment of conviction.  If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.      The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10.     The forfeiture of the Subject Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due and shall survive bankruptcy.

11.     This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12.     This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14.     The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Preliminary Order to the United States Attorney's Office,

Eastern District of New York, Attn: Yvette Ramos, Asset Recovery Section Paralegal, 271-A

Cadman Plaza East, Brooklyn, New York 11201.

Dated:    Central Islip, New York
          July 15          , 2022

                              SO ORDERED:



                              HONORABLE JOANNA SEYBERT
                              UNITED STATES DISTRICT JUDGE
                              EASTERN DISTRICT OF NEW YORK

---

17-CR-372 (S-3) (JS)          *United States v. Stephanie Lee*          Page 8
                              Preliminary Order of Forfeiture