BGK:TRP
F. #2016R01865

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 01 2022 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JEFFREY CHARTIER,

          Defendant.

- - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

17-CR-372 (S-3)(JS)

WHEREAS, on or about March 18, 2020, Jeffrey Chartier (the "defendant"), was convicted after a jury trial of Counts One through Five and Eight through Eleven of the above-captioned Superseding Indictment, charging violations of 15 U.S.C. §§ 78j(b) and 78ff and 18 U.S.C. §§ 371, 1343, 1349, 1956(h), 1957(a) and 1957(b);

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) 982(a)(1), and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of one million twenty-two thousand three hundred ninety-eight dollars and eighty-nine cents ($1,022,398.89) (the "Forfeiture Money Judgment"), as: (a) property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violations of 15 U.S.C. §§ 78j(b) and 78ff, 18 U.S.C. §§ 371, 1343 and 1349; (b) property, real or personal, involved in the defendant's violations of 18 U.S.C. §§ 1956(h) and 1957(a), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) 982(a)(1), and 28 U.S.C. § 2461(c), the defendant has consented to the forfeiture of all right, title and interest in CES Synergies, Inc., including but not limited to, one million three hundred sixty-nine thousand five hundred (1,369,500) shares of the common stock of CES Synergies, Inc. issued to Jeffrey Chartier, par value $0.001 per share, represented by Certificate Nos. 1295, 1296, and 1298 (the ("CES Stock"); and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) 982(a)(1), and 28 U.S.C. § 2461(c), the defendant has consented to the forfeiture of all right, title and interest in National Waste Management Holdings, Inc., including but not limited to, four million three hundred eighty-five thousand two hundred ninety-seven (4,385,297) shares of the common stock of National Waste Management Holdings, Inc. issued to Jeffrey Chartier, par value $0 per share, represented by Certficate Nos. 1169, 1272 and 1278 (the "NWMH Stock").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

2. The defendant shall surrender all of his CES Stock, including stock certificates, to CES Synergies, Inc. pursuant to instructions to be provided by the attorney for the United States.

3. The defendant shall surrender all of his NWMH Stock to National Waste Management Holdings, Inc., including any stock certificates, pursuant to instructions to be provided by the attorney for the United States.

4. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the check. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Tanisha R. Payne, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the instrument. The Forfeiture Money Judgment shall become due and owing in full upon the sentencing of the defendant (the "Due Date").

5. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p).

6. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

7. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment.

8. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the

sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

10. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: ProMinds Paralegal Yvette Ramos, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Central Islip, New York
December 1, 2022

SO ORDERED:

HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK